**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Thomas J. Maag,** | ) | **CASE NO. 3:06 CV 2629** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Khelleh Konteh, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. 16) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Thomas J. Maag, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued her Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The following facts were found by the state appellate court:

This case stems from allegations that [petitioner] had been associated with and acted in furtherance of an entity which became known to law enforcement officials as the "Gonzalez Family Drug Enterprise." From various investigations and surveillance evidence, it was believed that the members and associates of the Gonzalez Family Drug Enterprise were carrying out large-scale drug-trafficking activities throughout several states including Florida, Illinois, Michigan, and Ohio. Based upon that information and the observations of law enforcement officials, Maag was indicted on August 30, 2000, in Hancock County...  and was charged with three (3) drug-related felony offenses. Maag was arrested in Columbus, Ohio, on November 18, 2000.

Following his arrest and while being held in jail solely for the charges pending ... [petitioner] was again indicted ...  in Hancock County...  and was charged with four (4) additional drug-related offenses. In aggregate, [petitioner] was charged with (7) separate felony offenses. The [two cases were consolidated and the] matter proceeded to a jury trial... [T]he jury found [petitioner] guilty of all seven counts.

[T]he trial court sentenced [petitioner] on all seven convictions to an aggregate term of twenty-four (24) years in prison .. [and] also ordered that [petitioner's] motor vehicle remain impounded and held for future forfeiture proceedings. [The trial court also] determined that [petitioner] was not entitled to any pre-trial jail time credit.

*State v. Maag,* 2005 WL 1712898 (Ohio App. 3d Dist. July 25, 2005).

The Petition sets forth nine grounds for relief:

Ground One: Petitioner was denied his Federal Constitutional rights and the corresponding Ohio Constitutional rights to be brought to trial within the required timeframes set forth therein.

Ground Two: Petitioner's convictions are not supported by sufficient

2

evidence, due to such insufficiency; Petitioner's Fifth and Fourteenth Amendment rights have been violated.

Ground Three: Petitioner's convictions are against the manifest weight of the evidence, thereby denying him Due Process of Law, Fourteenth Amendment United States Constitution; Section 16, Article I, Ohio Constitution.

Ground Four: The Trial Court erred by permitting the introduction of Other Acts Evidence in violation of Ohio Evid. R.'s 403 & 404.

Ground Five: The Trial Court erred in admitting excessive evidence about the alleged drug enterprise when the probative value of the evidence was substantially outweighed by unfair prejudice. Fourteenth Amendment, United States Constitution; Section 16, Article I, Ohio Constitution; Ohio Evid. R. 403(A) and (B).

Ground Six: The Trial Court erred in failing to order the disclosure of the identity of a confidential informant used in alleged controlled purchases allegedly involving this Petitioner.

Ground Seven: The Trial Court erred in failing to permit the Petitioner to introduce and develop evidence of prosecutorial coercion (misconduct), of a State witness in support of his Ohio Crim. R. 33, 'Motion for a New Trial.'

Ground Eight: Petitioner's Trial counsel was ineffective for failing to request a jury instruction as to the sale of counterfeit controlled substance and for failing to acquire the criminal records of several codefendants who were involved in the sale of the counterfeit substances.

Ground Nine: The cumulative effect of multiple errors occurring at trial deprived Petitioner of his Constitutional rights to a fair trial, even though each individual error may not have constituted cause for reversal.

The Magistrate Judge determined that Grounds One, Nine and portions of Ground Two are procedurally defaulted because these claims were not fairly presented to the state courts. This Court agrees.  With regard to Ground One, petitioner objects on the basis that in the state court he cited state cases which employed federal constitutional analysis.  The speedy trial claim, however, was presented in the state courts solely as a violation of the state statutes and law and,

3

thus, was not fairly presented. Petitioner fails to object to the Magistrate Judge's findings as to Grounds Two and Nine. Having found no clear error, the Court adopts the Report and Recommendation's conclusion as to these grounds as well.

The Magistrate Judge reviewed the merits as to the remaining grounds and found them to be insufficient to warrant issuance of the Writ. This Court agrees.

Initially, petitioner fails to object to Grounds Six, Seven and Eight. Having found no clear error, the Report and Recommendation is accepted as to these grounds.

Petitioner objects to the Magistrate Judge's conclusions as to the remaining portions of Ground Two and to Ground Three arguing that it was not proven beyond a reasonable doubt that the substance at issue was cocaine. The Court agrees with the Magistrate Judge's finding, however, that the testimony of two witnesses was sufficient evidence to support petitioner's convictions for possession of cocaine as both identified the substance as cocaine.

With regard to Ground Four, the Magistrate Judge correctly recognized that the admissibility of evidence is generally not cognizable as grounds for federal habeas relief unless it rendered the trial so fundamentally unfair as to constitute a denial of federal rights. The Court agrees with the Magistrate Judge's conclusion, despite petitioner's objection to the contrary, that the trial court's admission of other alleged criminal acts did not render the trial fundamentally unfair.

Similarly, as to Ground Five, the Court agrees with the Magistrate Judge's conclusion that the introduction of evidence regarding the drug enterprise did not render the trial fundamentally unfair. The trial court had instructed the jury that certain of the testimony relating to the enterprise was for foundational purposes only, and the state appellate court determined,

4

*inter alia,* that the testimony served the purpose of providing immediate background to the facts supporting the offenses and tended to show that petitioner had the opportunity, intent and knowledge to engage in drug activities.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

### **Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

Furthermore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for

5

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge

Dated: 4/10/08